## MIDLAND MUTUAL LIFE INS CO v PALMER

Ohio Appeals, 9th Dist, Summit Co
No 1873. Decided Jan. 9, 1931

Arnold, Wright, Purpus & Harlor, Columbus, and Waters, Andress, Hagelbarger, Wise & Maxon, Akron, for Ins Co.

Musser, Kimber & Huffman, Akron, for Palmer.

PER CURIAM

Defendant in error's case as it was tried, depended upon his proving that Russell L. Palmer died within five years of the time of the bringing of the suit.

The evidence of absence from his home without any intelligence from or concerning him for seven years, raised the presumption that he died at the expiration of said seven years; while such presumption was a legal presumption, it was but prima facie evidence of his death at said time (**Youngs v. Heffner, 36 Oh St 232**); if there was evidence from which the jury might reasonably infer that he died at a time more than five years before the bringing of the suit, then the time of his death was a question for the jury to determine, after considering said legal presumption and all of the facts and circumstances shown by the evidence in the case, and the court could not properly decide the question of the time of his death.

As we read the record, there was evidence from which the jury might reasonably infer that he died more than five years before the bringing of the suit—to wit, at the time of his disappearance; and therefore the question of the time of death should have been submitted to the jury under proper instructions.

If the pleadings are amended so as to present the question of whether the company waived the payment of premiums concerning which there was evidence pro and con, that question should be covered by the instructions.

The question of waiver becomes important only in the event the date of death is found to be at the expiration of the seven years from the disappearance; if found to be before August 14, 1928, the premiums were paid, but if found to be after said date, the premiums were not paid and there would be no liability unless payment of premiums was waived; and if found to be more than five years before suit was brought, there would be no liability under the provisions of the policy unless the company waived the requirement that suit be brought within five years after the death.

Thus, while the fact of death was an issue upon which there was ample evidence, the time of death was the all-important question in the case, and as to that issue the evidence was meager; but there was some evidence justifying an inference that the death occurred on one of two different dates, and it was for the jury, and not the court, to determine the date of death, which, as has been said, was an important question in the case.

For error in failing to submit the case to the jury, the judgment is reversed and the cause remanded for a new trial; no no doubt the parties will desire to file amended pleadings clarifying the issues.

Funk, PJ, Pardee, J, and Washburn, J, concur.